

**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:02 PM November 27, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| T. MICHAEL BLACK, JR., | ) | CASE NO. 13-62829 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    Debtor filed a chapter 13 petition on November 15, 2013. Exhibit D indicated that he had not taken the prepetition credit counseling course and exigent circumstances warranted a temporary waiver of the requirement. On November 18, 2013, the court issued an order requiring Debtor to submit an affidavit regarding his attempts to obtain the credit counseling course. Debtor's affidavit was filed on November 26, 2013. He also filed a Certificate of Counseling indicated he completed the credit counseling course on November 26, 2013.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

    The prepetition credit counseling requirements are found at 11 U.S.C. § 109(h). The exigent circumstances waiver provision provides:

> (3)(A) Subject to paragraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—
>
>> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>>
>> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>>
>> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).

In the past, the court expressed its willingness to consider a looming foreclosure sale as an exigent circumstance. In re Swint, Case No. 06-62593 (Bankr. N.D. Ohio December 27, 2006). The problem for most debtors, as well as Debtor in this case, is the specific requirements of the second prong which require a debtor to actually attempt to obtain the credit counseling. The bankruptcy code requires the debtor to request but be unable to obtain the course within seven days of the request. Debtor didn't set forth any facts that show compliance with this prong.

Instead, Debtor demonstrates that he completed a course in December 2012 but didn't realize the certificate "expired." Reading between the lines, by the time he realized it, presumably on Friday, November 15, 2013, he was pressed into a wall by the impending sheriff's sale set for Monday morning, November 18, 2013. Regardless of the court's sympathy for Debtor, the fact is he did not attempt to obtain the counseling as required in (ii). In re Burrell, 339 B.R. 664 (Bankr. W.D. Mich. 2006). He didn't make any requests for counseling and is therefore not entitled to a temporary waiver.

Further, the court is not convinced of the exigency. Debtor was exploring bankruptcy as early as December 2012. He paid a portion of his bankruptcy attorney's fees in January 2013. Based on the state court foreclosure case number 2013cv01374, the foreclosure was filed earlier in the year. Consequently, the court is not fully convinced that Debtor's lack of diligence didn't create the exigency. Foreclosure cases pend for months before the actual sale.

Debtor failed to demonstrate he is entitled to a temporary waiver of the requirement. Since he did not complete the credit counseling course before he filed, he is not eligible to be a debtor. The case will be dismissed by separate order.

#    #    #

**Service List:**

Mitchell A Machan
3810 Tuscarawas St W
Canton, OH 44708

T. Michael Black, Jr.
207 Linwood Ave., NW
Canton, OH 44708

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702